**THORPE SHWER, P.C.**
Bradley D. Shwer (No. 022696)
Andrea L. Marconi (No. 022577)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: bshwer@thorpeshwer.com
Email: amarconi@thorpeshwer.com

**MITCHELL SILBERBERG & KNUPP LLP**
David Steinberg (CA SBN 130593) (*pro hac vice*)
Emily Evitt (CA SBN 261491) (*pro hac vice*)
Melinda Carrido (CA SBN 285445) (*pro hac vice*)
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Email: das@msk.com
Email: efe@msk.com
Email: m2c@msk.com

Attorneys for Specially Appearing
Defendants Feras Antoon and MindGeek S.à.r.l.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Kohler Marsh, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>MindGeek S.à.r.l., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; MindGeek USA Inc., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; MG Billing US, individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; MG Freesites Ltd., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; Feras Antoon, an individual,<br><br>    Defendants. | CASE NO. 2:17-cv-02724-SPL<br><br>**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L. AND FERAS ANTOON TO DISMISS PLAINTIFF JOHN KOHLER MARSH'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(4)-(5) FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS, AND ALTERNATIVELY, BY FERAS ANTOON PURSUANT TO 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>(Assigned to the Hon. Steven P. Logan) |

1  Plaintiff (*pro se*) John Marsh's purported service on Specially Appearing foreign
2  Defendants MindGeek S.à.r.l. and Feras Antoon ("Defendants")[1] did not comply with a
3  single rule governing service of process: Plaintiff (1) did not serve the foreign Defendants
4  with the operative Complaint; (2) did not serve Court-issued summonses; (3) did not
5  comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial
6  Documents;[2] and (4) did not properly serve Antoon pursuant to Quebec's Code of Civil
7  Procedure.  Despite clear and ample notice that service was ineffectual, Plaintiff
8  nevertheless filed (but did not serve) a document purporting to be a "proof of service."
9  Each of the defects raised herein is fatal and independently warrants dismissal of this
10 lawsuit.  Additionally, even if service ever is properly effectuated, this Court cannot
11 exercise jurisdiction over Antoon who resides and works in Canada, and has no personal
12 connection (alleged or otherwise) to Arizona.  For these reasons, the Court should
13 dismiss Plaintiff's action against Defendants.  This Motion is supported by the following
14 Memorandum of Points and Authorities and the exhibits attached thereto.

15 Pursuant to the Court's Mandatory Initial Disclosure Pilot Program and this
16 Court's Preliminary Order, dated August 15, 2017, Dckt. 8, Defendants have also
17 concurrently filed a separate motion requesting that the Court defer the time for
18 Defendants to file an answer until after this Motion is decided.

---

[1] For purposes of this motion, "Defendants" refers only to the two Specially Appearing foreign Defendants Plaintiff claims he served: MindGeek S.à.r.l. and Feras Antoon. This motion is made without prejudice to the right of the remaining named and unserved Defendants to seek appropriate relief, by motion or otherwise, at a later date.

[2] As alleged in Plaintiff's various proposed Complaints, MindGeek S.à.r.l. is a Luxembourg company having its principal place of business in Luxembourg. *See, e.g.*, Dckt. 1, 1:18-21; Dckt. 13, 1:21-25; Dckt. 22, 2:22-26; *see also* Declaration of Anthony Penhale ("Ex. A, Penhale Decl."), ¶ 3, attached hereto as Exhibit A. Antoon resides and works in Canada. *See, e.g.*, Dckt. 1, 1:23-26; Dckt. 13, 2:1-5; Dckt. 22, 2:27-3:2; *see also* Declaration of Feras Antoon ("Ex. B, Antoon Decl."), ¶¶ 3, 5, attached hereto as Exhibit B.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Plaintiff's Successive Complaints.

On August 11, 2017, Plaintiff initiated this lawsuit. Dckt. 1. After twice striking Plaintiff's unauthorized attempts to amend his initial Complaint, the Court granted Plaintiff's first and second requests for leave to amend. Dckt. 7, 12, 13, 16-17, 21. On September 13, 2017, Plaintiff's Second Amended Complaint was filed with leave of Court. Dckt. 21-22. On September 14, and then on September 25, Plaintiff filed two more motions for leave to amend. Dckt. 24, 27. Plaintiff *lodged* the proposed Fourth Amended Complaint on September 25 in connection with his latest motion to amend. Dckt. 28. Also on September 25, Plaintiff lodged summonses for issuance by the Court. Dckt. 30. However, per the docket, these summonses have not yet been issued by the Court.

According to the docket, the Court has not granted Plaintiff's motion to file his proposed Fourth Amended Complaint (or his proposed Third Amended Complaint). Declaration of David Steinberg ("Ex. C, Steinberg Decl."), ¶ 5, attached hereto as Exhibit C. Thus, the Second Amended Complaint remains the operative Complaint in this action. *See* Dckt. 21-22. Additionally, on September 21, 2017, the Court issued the only summons issued to date, *before* the proposed Fourth Amended Complaint was lodged. *Compare* Dckt. Sept. 21, 2017 text entry *with* Dckt. 28; *see also* Ex. C, Steinberg Decl., ¶ 3. This summons has not been served.

### B. Plaintiff's Ineffective Service Attempt.

On September 28, 2017, Plaintiff caused two packages of documents to be delivered to a security guard in the office building of 9219-1568 Quebec Inc., doing business as MindGeek Enterprise Canada. Included in each package was the not-yet-filed Fourth Amended Complaint (and not the operative Second Amended Complaint) and *unissued* summonses identifying foreign Defendants Antoon and MindGeek S.à.r.l.

Ex. C, Steinberg Decl., ¶ 2; Ex. A, Penhale Decl., ¶ 6.  All of the "service" copies were in the English language only.  *Id.*  The unissued summonses were not signed and did not bear a Court seal.  *Id.*

On October 4 (and again on October 13), Plaintiff filed a purported proof of service in which a Canadian bailiff claims, without basis, that he "served the summons[es] on Peter Morin, who is designated by law to accept service of process on behalf of" Feras Antoon and MindGeek S.à.r.l.  Dckt. 31, pp. 2-3; Dckt. 32.  This statement is demonstrably false:  MindGeek S.à.r.l. is a Luxembourg limited liability company with no offices, officers, or employees located in Canada; it does not maintain an office at the location where the documents were delivered.  Ex. A, Penhale Decl., ¶¶ 3-4.  Moreover, neither Morin, nor any other person at the Montreal location, is "authorized to accept service" on behalf of MindGeek S.à.r.l.  *Id.*, ¶ 7. No basis for the bailiff's statement was produced.  In fact, Morin does not hold any officer, director, managerial, or supervisory position with MindGeek S.à.r.l., and has no financial responsibilities relating to MindGeek S.à.r.l.  *Id.*, ¶ 8; Ex. B, Antoon Decl., ¶ 8.  Additionally, contrary to the proof of service, Antoon has not designated Peter Morin to accept service on his behalf, and Morin is not in charge of the Montreal premises at which the documents were purportedly left for Antoon.  Ex. B, Antoon Decl., ¶ 8; Ex. A, Penhale Decl., ¶ 7. Plaintiff made no effort to personally serve Antoon, and made no attempt to serve him at his residence in Montreal before leaving the documents with Morin.  Ex. B, Antoon Decl., ¶ 9.

As a result of these deficiencies, Defendants' counsel sent Plaintiff a letter explaining that his purported service on Defendants was ineffectual, and warning him not to attempt to rely upon such "service."  Ex. C, Steinberg Decl., ¶ 4 & Attachment 1 thereto.  Defendants' counsel additionally requested that Mr. Marsh attach the letter to any Court filing purporting to rely upon such service.  *Id.*  Mr. Marsh has not responded to the letter, and has filed an inaccurate and improper "proof of service."  *Id.*, ¶ 4; Dckt.

1  31-32.  Plaintiff's attempt at service was ineffective for several independently sufficient
2  reasons.  Defendants hereby move to dismiss the action pursuant to Federal Rule of Civil
3  Procedure ("FRCP") 12(b)(4)-(5).

**II.     ARGUMENT**

    **A.     DEFENDANTS WERE NOT PROPERLY SERVED**

        **1.     Plaintiff Did Not Serve Defendants with the Operative Complaint or Court-Issued Summonses.**

The Court should dismiss this action pursuant to FRCP 12(b)(4)-(5) because Plaintiff failed to comply with the basic tenet that a defendant must be served with a Court-issued summons and the operative complaint.  A defendant may move, pursuant to FRCP 12(b)(4)-(5), for an order of dismissal for insufficient process and insufficient service of process.  Plaintiff bears the burden of establishing that service of process was valid.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  He cannot do so here.

        **a.     Plaintiff's Failure to Serve Properly Issued Summonses on Defendants is Fatal.**

FRCP 4(a) requires that a summons, among other things, "be signed by the clerk" and "bear the court's seal."  Fed. R. Civ. P. 4(a)(1)(F)-(G); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("The failure of a plaintiff to obtain valid process from the court . . . is fatal to the plaintiff's case."); *accord Ghost v. City of Berkeley*, 2015 U.S. Dist. LEXIS 4081, *4 (C.D. Cal. Jan. 12, 2015) (lack of clerk's signature on summons "renders the service invalid").

Plaintiff's service on Defendants is invalid because the summonses served on Defendants were unsigned and did not bear the Court's seal.  Ex. A, Penhale Decl., ¶ 6; Dckt. 32.  In addition, at the time of Plaintiff's purported September 28 service, and as of the filing of this motion, the Court has not even issued summonses on the Fourth Amended Complaint.  Ex. C, Steinberg Decl., ¶¶ 3, 5.  Thus, Plaintiff's purported service

Mitchell Silberberg & Knupp LLP

5

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L. AND FERAS ANTOON TO DISMISS COMPLAINT**

1 failed because he did not serve (and could not have served) properly issued summonses.
2 The Court's analysis can end here.

### b. Plaintiff Failed to Serve the Operative Complaint.

4 Furthermore, service was ineffective for the independently sufficient reason that
5 Plaintiff failed to serve Defendants with any operative complaint. The Court has not
6 granted Plaintiff leave to file (or serve) the Fourth Amended Complaint – the only
7 "complaint" that was delivered in Montreal. Ex. C, Steinberg Decl., ¶¶ 3, 5; Ex. A,
8 Penhale Decl., ¶ 6. Thus, the delivery of the Fourth Amended Complaint in Montreal had
9 no legal effect, and its purported service on Defendants was improper, because neither
10 Defendant was served with an operative Complaint. Ex. C, Steinberg Decl., ¶ 3; Ex. A,
11 Penhale Decl., ¶ 6; *see West Coast Theater Corp. v. Portland*, 897 F.2d 1519, 1529 (9th
12 Cir. 1990) ("requir[ing] service of the filed complaint"); *Stengel v. Medtronic Inc.*, 306
13 F.R.D. 230, 234 (D. Az. Mar. 16, 2015) (finding that an amended complaint "ha[d] no
14 legal effect" because plaintiffs did not have leave of court to amend).

### 2. Plaintiff Did Not Employ Any Permissible Method of Service on Foreign Defendants.

17 Even if Plaintiff had served Defendants with properly issued summonses and the
18 operative Second Amended Complaint, he failed to use a valid means of serving a foreign
19 defendant. Plaintiff could have served Defendants pursuant to the Hague Convention.
20 He did not. Plaintiff also could have served Antoon pursuant to Quebec's Code of Civil
21 Procedure. *See* Fed. R. Civ. P. 4(f)(1)-(2); 4(h). He did not. Plaintiff's service attempt
22 failed to satisfy the requirements of either option, thus his action should be dismissed.

### a. Plaintiff did not Comply with the Hague Convention.

24 The validity of Plaintiff's service on Antoon, a Canadian resident, and MindGeek
25 S.à.r.l., a Luxembourg corporation, is governed by the Hague Convention because
26 Luxembourg and Canada are both signatories to the Convention. *Volkswagenwerk*
27 *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("Compliance with the

28

Mitchell
Silberberg &
Knupp LLP

6

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L.
AND FERAS ANTOON TO DISMISS COMPLAINT**

1  Convention is mandatory in all cases to which it applies."); *Straub v. A P Green, Inc.*, 38
2  F.3d 448, 452 (9th Cir. 1994) (Canada is a signatory); *Calix, Inc. v. Alfa Consult, S.A.*,
3  2015 U.S. Dist. LEXIS 82215, *8 (N.D. Cal. June 24, 2015) (Luxembourg is a
4  signatory).

5      Under the Hague Convention, Plaintiff was required to comply with the
6  requirements applicable for each defendant in each of their respective countries of
7  residence.  *See* Hague Convention, Art. 3.[3]  The Central Authority of each country would
8  then have arranged for service pursuant to its own laws, and, upon completion, would
9  have completed and submitted the mandatory "Certificate – Attestation" form
10 ("Certificate Form"). *See id.*, Arts. 5-6.

11     Here, however, the record is devoid of evidence that Plaintiff complied with the
12 Hague Convention by serving Defendants through Luxembourg's and Quebec's
13 designated Central Authorities.  As a threshold matter, Plaintiff does not even claim he
14 served MindGeek S.à.r.l. in Luxembourg, where he admits and alleges it is located.  *See,*
15 *e.g.*, Dckt. 1, 1:18-21; Dckt. 13, 1:21-25; Dckt. 22, 2:22-26.  Instead, Plaintiff purports to
16 have delivered documents to MindGeek S.à.r.l. in Montreal where: (1) it does not
17 maintain an office, (2) none of its officers or employees works, and (3) no person has
18 been authorized to accept service on its behalf.  Ex. A, Penhale Decl., ¶¶ 4-8.  Neither the
19 Hague Convention nor the FRCP permits service on MindGeek S.à.r.l. in this manner.
20 *See Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 822 (1st Cir. 1986).  This alone is
21 fatal.  *See Schlunk*, 486 U.S. at 705.  In addition, Plaintiff's purported proofs of service
22 for Antoon and MindGeek S.à.r.l. were not executed on the mandatory Hague Certificate
23 Form, but instead appear on a form summons used in United States District Courts.  *See*

---

[3] The full text of the Hague Convention may be accessed at the website of the Hague Conference on Private International Law: https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf.

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L.
AND FERAS ANTOON TO DISMISS COMPLAINT**

Mitchell Silberberg & Knupp LLP

Dckt. 30-1. Plaintiff did not properly serve either Defendant under the Hague Convention.[4]

### b. Plaintiff Did Not Properly Serve Antoon Under Quebec's Rules of Civil Procedure.

Plaintiff also failed to serve Antoon in compliance with Quebec's Code of Civil Procedure.[5] *See* Hague Convention, Art. 10(c); Fed. R. Civ. P. 4(f)(2)(A) (where allowed by the foreign authority, permitting service "as prescribed by the foreign country's law for service"); Canada – Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last visited Oct. 11, 2017).

Plaintiff's proof of service merely states that service was made "on Peter Morin, who is designated by law to accept process on behalf of Feras Antoon." Dckt. 31. His attempt at service thus failed under Canadian law because he purported to serve Mr. Antoon at work without meeting the necessary prerequisites: ***First***, Quebec's Code of Civil Procedure requires attempted personal service on the addressee, but there was no effort to personally serve Antoon. CQLR c C-25.01 Div. 2, § 3, Rule 124; *accord* Fed. R. Civ. P. 4(f)(2)(C); Ex. B, Antoon Decl., ¶ 9.[6] ***Second***, only when there is evidence that notification cannot be made personally may the document be left at the recipient's

---

[4] Additionally, the documents delivered to Defendants were all in English. Ex. A, Penhale Decl., ¶ 6. Plaintiff did not serve translated copies as required by both Luxembourg and Quebec. *See* Luxembourg Declaration/Reservation/Notification, https://www.hcch.net/en/states/authorities/notifications/?csid=411&disp=resdn (last visited Oct. 11, 2017) ("When foreign judicial documents are served . . . they must be drawn up in French or German or accompanied by a translation into one of those languages."); *see also* Canada – Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last visited Oct. 11, 2017) ("All documents which commence actions must be translated . . . . into the French language.").

[5] Plaintiff's compliance with Quebec's Code of Civil Procedure as to purported service on MindGeek S.à.r.l. is irrelevant because MindGeek S.à.r.l. is a Luxembourg company with no offices, employees, officers, or designated agents located in Canada. Ex. A, Penhale Decl., ¶¶ 3-4.

[6] "Unless prohibited by the foreign country's law," service may be made on a foreign individual by "delivering a copy of the summons and of the complaint to the individual personally." *See* Fed. R. Civ. P. 4(f)(2)(C). It is undisputed that personal delivery to Antoon was not made. Ex. B, Antoon Decl. ¶ 9.

1  *residence* "in the care of a person who resides or works there and appears to be capable
2  of receiving the document;" that did not happen either.  CQLR c C-25.01 Div. 2, § 3,
3  Rule 124; Ex. B, Antoon Decl., ¶ 9.  ***Third***, and ***only if*** neither of the first two methods is
4  available, may the server leave the documents at the recipient's business establishment or
5  place of work in the care of the "person in charge of the premises."  *See id.*  Here, by
6  contrast, Plaintiff skipped any attempt to serve Antoon personally or at his residence.
7  Moreover, contrary to the proof of service, Antoon has not designated Morin to accept
8  service on his behalf; Morin is not in charge of the Montreal office at which the
9  documents were delivered.  Ex. B, Antoon Decl., ¶ 8.

10  Thus, Plaintiff failed to properly serve Defendants, and Defendants request that
11  the Court dismiss the Complaint pursuant to FRCP 12(b)(4)-(5).

12  **B.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION
13  OVER ANTOON**

14  In addition, even if service on Antoon eventually could be effectuated, Antoon
15  moves to dismiss the case against him pursuant to FRCP 12(b)(2), for lack of personal
16  jurisdiction.  Plaintiff has not, and cannot, demonstrate facts warranting a finding of
17  personal jurisdiction over Antoon.

18  Plaintiff bears the burden of establishing personal jurisdiction. *Schwarzenegger v.*
19  *Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  "In determining personal
20  jurisdiction, '[e]ach defendant's contacts with the forum state must be assessed
21  individually.'"  *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Revolution Distrib.*, 2012
22  U.S. Dist. LEXIS 85876, *21-22 (requiring a separate minimum contacts analysis for
23  each defendant).  There are two types of jurisdiction—general and specific—but neither
24  lies here.

Mitchell
Silberberg &
Knupp LLP

28

9

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L.
AND FERAS ANTOON TO DISMISS COMPLAINT**

### 1. There is No General Jurisdiction Over Antoon.

General jurisdiction exists only when a defendant's acts in the state are so "wide-ranging that they take the place of *physical presence in the forum* as a basis for jurisdiction." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). Thus, "only in an 'exceptional case' will general jurisdiction be available anywhere" but the state in which the individual defendant is domiciled. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015); *Daimler v. AG Bauman*, 134 S. Ct. 746, 760 (2014). Here, Antoon is a citizen of Canada, residing in Montreal (*see, e.g.*, Dckt. 1, 1:23-26; Dckt. 13, 2:1-5; Dckt. 22, 2:27-3:2) who: has no personal connection to the state of Arizona; has never traveled to Arizona for business or pleasure; does not own or lease property in Arizona; owns no bank accounts in Arizona; and does not pay or owe taxes to Arizona. Ex. B, Antoon Decl. ¶ 5. This Court has no general jurisdiction over him. *See Arden v. East Coast Assemblers, Inc.*, 2016 U.S. Dist. LEXIS 14282, *7-8 (D. Az. Feb. 4, 2016).

### 2. Plaintiff Has Not, and Cannot, Establish Specific Jurisdiction Over Antoon.

Specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). This determination depends *only* on the contacts "that the defendant *himself* creates with the forum State[,]" not *plaintiff's* contacts with the forum. *Id.* at 1122 (emphasis added). Furthermore, the Court only has personal jurisdiction over officers of a corporation if such officers *independently* have sufficient contacts with Arizona. *Revolution Distrib.*, 2012 U.S. Dist. LEXIS at *22 (emphasis added) (finding no jurisdiction over corporate officers where neither officer had any contacts with Arizona, neither paid nor owed taxes to Arizona, neither was licensed in Arizona, and neither had traveled to Arizona in either a business or individual capacity). An officer's or employee's mere association with a corporation is an insufficient basis for the Court to assert jurisdiction over them. *See*

*Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1155-56 (D. Az. 2001); *see also Arden*, 2016 U.S. Dist. LEXIS 14282 at *8.

Thus, Plaintiff must (but cannot) establish that: (1) **Antoon** personally "purposefully availed" himself of Arizona's benefits in connection with this lawsuit; (2) this lawsuit arises out of **Antoon's** personal contacts with Arizona; and (3) the exercise of jurisdiction over **Antoon** would be reasonable.[7] *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

### a. Antoon Did Not Purposefully Avail Himself of Arizona's Benefits

The first two prongs of the test for specific personal jurisdiction, which tend to overlap, require Plaintiff to prove that Antoon's lawsuit-related conduct created a substantial connection between Antoon and Arizona. *See Walden*, 134 S. Ct. at 1121; *East Coast Assemblers, Inc.*, 2016 U.S. Dist. LEXIS 14282, *7-8 (single visit to Arizona insufficient to establish jurisdiction); *Candrian v. RS. Indus.*, 2013 U.S. Dist. LEXIS 166394, *12-13 (D. Az. Nov. 21, 2013) (no purposeful availment where corporate officers' only alleged conduct was their status as shareholders of corporate defendant that signed an agreement relevant to plaintiff's claims).

Plaintiff's only allegation as to Antoon states that he is a "shareholder and executive of Defendant MindGeek S.à.r.l. and has a principal place of business" in Montreal. Dckt., 3:18-21. First, this is wrong: Antoon is not an officer, executive, or employee of Defendant MindGeek S.à.r.l. Ex. B, Antoon Decl., ¶ 2. Second, even if true, this would be insufficient to establish purposeful availment because Plaintiff has not – and cannot – identify a single act taken by Antoon directed toward Arizona, much less demonstrate that any such act by Antoon forms the basis of Plaintiff's claim against him. As noted above, Antoon has no personal connection to the state of Arizona. *See*

---

[7] Only if a plaintiff can establish the first two prongs, does the burden shift to the defendant to show that the exercise of jurisdiction would be unreasonable. *See Schwarzenegger*, 374 F.3d at 802.

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L. AND FERAS ANTOON TO DISMISS COMPLAINT**

*Candrian v. RS. Indus.*, 2013 U.S. Dist. LEXIS 166394 at *12-13; *see* Ex. B, Antoon Decl., ¶ 5.

### b. Plaintiff's Lawsuit Does Not Arise Out of Antoon's Personal Contacts with Arizona.

The Ninth Circuit's test for determining whether a plaintiff's claim arises out of a defendant's forum related activities is whether, "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Chandler*, 985 F. Supp. at 1212. Again, Plaintiff's ***only*** allegation against Antoon is the false claim that Antoon is a shareholder and executive of MindGeek S.à.r.l. *See* Dckt., 3:18-21; Ex. B, Antoon Decl., ¶ 2; *supra*, n.7. Because no actual conduct is alleged – let alone conduct connected to the state of Arizona – the Court cannot find that Antoon's contact with Arizona was the "but for" cause of Plaintiff's lawsuit.

### c. The Exercise of Jurisdiction Over Antoon Would Be Unreasonable

Because Plaintiff cannot establish the first two prongs above, the Court need not reach the issue of reasonableness. Nonetheless, exercising jurisdiction over Antoon would be unreasonable.[8] Because Plaintiff has not identified a ***single act*** by Antoon that was directed toward Arizona, let alone an act that catalyzed Plaintiff's lawsuit, and because Antoon has no contacts with the state, Arizona's exercise of jurisdiction over Antoon would be unreasonable. *See id.* at 1212, 1217. Moreover, as the Chief Executive Officer of MindGeek Entreprise Canada, Antoon has a demanding schedule. Ex. B, Antoon Decl., ¶ 6. He has never traveled to Arizona for either business or pleasure, and

---

[8] Courts analyze reasonableness by evaluating a number of factors including the "(1) the extent of the defendant's purposeful interjection into the forum state's affairs, (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest and convenient and effective relief; and (7) the existence of an alternative forum." *Chandler*, 985 F. Supp. at 1212 (finding that none of the factors favored plaintiffs where defendant's only contact with Arizona was attendance at a one-time, two-day training seminar in Arizona).

1 has no plans to travel there in the future for either of those purposes. *Id.*, ¶¶ 5-6.  Thus, it
2 would be unreasonable to require him to travel to Arizona solely for the purpose or
3 participating in these proceedings.

### III. CONCLUSION

For the foregoing reasons, Defendants MindGeek S.à.r.l. and Antoon request that the Court dismiss Plaintiff's action pursuant to FRCP 12(b)(4)-(5), and Antoon additionally requests dismissal pursuant to FRCP 12(b)(2).

Respectfully submitted this 19th day of October, 2017.

THORPE SHWER, P.C.

By */s/ Bradley D. Shwer*
   Bradley D. Shwer
   Andrea L. Marconi

AND

David Steinberg (*pro hac vice*)
Emily Evitt (*pro hac vice*)
Melinda Carrido (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP

*Attorneys for Specially Appearing Defendants Feras Antoon and MindGeek S.à.r.l.*

Mitchell Silberberg & Knupp LLP

13

**MOTION BY SPECIALLY APPEARING DEFENDANTS MINDGEEK S.À.R.L.
AND FERAS ANTOON TO DISMISS COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that on October 19, 2017, I served by U.S. Mail, the attached document to the following:

John Kohler Marsh
(*pro se*)
111 West 6th Street, #2201
Tempe, Arizona 85281
**Plaintiff**

                                                                */s/ Katie Chaban*

Mitchell Silberberg & Knupp LLP