John Kohler Marsh *(pro se)*
john.kohler.marsh@gmail.com
111 W. 6th Street, #2201
Tempe, AZ 85281
Telephone: (626) 449-9999



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Kohler Marsh, individually, <br><br>                Plaintiff, <br>       v. <br><br>Mindgeek S.À.R.L., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; Mindgeek USA Inc., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; MG Billing US, individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; MG Freesites Ltd., individually and d/b/a Pornhub.com, Redtube.com and Tube8.com; Feras Antoon, an individual, <br><br>                Defendants. | Case No. CV-17-02724-PHX-SPL <br>**PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 17 U.S.C. § 101 AND PRAYER FOR RELIEF AND IMPOUNDMENT** |

I stand before the Court to file this complaint for declaratory judgment and relief against Defendant Mindgeek S.À.R.L., *et al.* d/b/a Pornhub.com, Redtube.com and Tube8.com (hereinafter, "Mindgeek").

## NATURE OF THE ACTION

This action is for declaratory judgment invalidating Mindgeek's defense limiting its liability for copyright infringement under the "DMCA safe harbor" provisions of 17 U.S.C. § 512 (c), and to seek the injunctive and monetary relief, including impoundment, that I would therefore be entitled to under 17 U.S.C. §§ 502, 503 and 504.

## JURISDICTION AND VENUE

This is an action for declaratory judgment arising under the United States Copyright Act of 1976, the Copyright Act § 101 *et seq.* (the "Copyright Act"), giving this Court original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

This Court has personal jurisdiction over Mindgeek because Mindgeek is engaged in the tortious conduct of importing, displaying, and distributing my copyrighted works in the State of Arizona, and in this District, causing injury to me and to my intellectual property.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) because I personally observed and recorded the infringements giving rise to this Complaint in this judicial district.

At all relevant times, I have had a residence and principal place of business at 111 West 6th Street, Tempe, Arizona.

Upon information and belief, MindGeek S.à.r.l. is, and at all relevant times was, a business entity organized as a "Société à responsabilité limitée" under the laws of Luxembourg, and has its principal place of business at 7777 boulevard Decarie, Suite 600, Montreal, Canada.

Upon information and belief, MindGeek USA Inc. is, and at all relevant times was, a corporation formed and existing under the laws of the State of Delaware , and has its principal place of business at 2300 West Empire Avenue, Burbank, California.

Upon information and belief, MG Billing US is, and at all relevant times was, a corporation formed and existing under the laws of the State of Delaware , and has its principal place of business at 2300 West Empire Avenue, Burbank, California.

Upon information and belief, MG Freesites Limited, and at all relevant times was, a business entity organized under the laws of Cyprus, and has its principal place of business at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540.

Upon information and belief, Feras Antoon is, and at all relevant times was, a shareholder and executive of Defendant Mindgeek S.à.r.l , and has a principal place of business at 7777 boulevard Decarie, Suite 600, Montreal, Canada.

## FACTS GIVING RISE TO THIS ACTION

For the last 15 years, I have created and produced pseudonymous motion picture and visual art works for hire, under the trade names and US Registered Trademarks FRATMEN®, FRATPAD®, FRATMEN SUCKS™ and FRATERNITY MEN®, doing business as the sole member of Pavlov's Dog LLC.

At issue are thirty-two (32) of my registered copyrights, with the latest registration in effect on January 20, 2012.

I am the initial author of all of the works pursuant to the Copyright Act § 201 (a), and am therefore entitled to the exclusive right "… to distribute copies… of the copyrighted work to the public… " pursuant to the Copyright Act § 106 (3).

Rights and permissions have been held in Icon New Media Inc., a Nevada Corporation, and licensed by written agreement to Pavlov's Dog LLC, an Arizona limited-liability company that ceased operations on December 31, 2016.

Mindgeek owns and operates a transitory digital network of "tube sites" including Pornhub.com, Redtube.com and Tube8.com, among others, which transmit audiovisual works and visual art via the Internet, for monetary gain.

From August 14, 2014, and continuing to the present time, I have observed and recorded seventy-three (73) web pages, among others, that Mindgeek has the right and ability to control, which displayed complete and identical copies of the best editions of my copyrighted audiovisual works. (See Exhibit B)

Each recorded web page displays an incrementing number which indicates how many times the page has been viewed.

The seventy-three (73) web page URLs at issue document five million, six-hundred and twenty-one thousand, seven-hundred and thirty-six (5,621,736) public displays of the copyrights. (See Exhibit A)

Mindgeek asserts generally -- and to me in an email through counsel dated April 25, 2017 -- that they "… act as a mere conduit of user-generated content… simply as a host provider lacking any editorial role…". (See Exhibit C)

Mindgeek displays copies of works that were previously uploaded by users who are no longer registered by indicating them as "FROM: unknown".

Copies of works that are displayed with "FROM: unknown" are no longer controlled by any user, but they remain as a physical digital file on a web server that Mindgeek has the right and ability to control.

Mindgeek modifies the content of, and receives a direct financial benefit from, all audiovisual content they display by superimposing an advertisement link on it when the recipient pauses or stops playback.

I have never, nor have any of my employees or agents, licensed or given consent to Mindgeek to use the works at issue in the manner complained of herein.

## CLAIM FOR RELIEF

As an actual justiciable controversy exists by way of Mindgeek's assertion of limited liability under "DMCA safe harbor" provisions, I am seeking relief from this Court pursuant to 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

Mindgeek has infringed, and is continuing to infringe, my registered copyrights by publicly displaying complete and best editions of the works, without authorization, in violation of the Copyright Act.

Mindgeek is not entitled to limit their liability pursuant to the "DMCA safe harbor" provisions of the Copyright Act § 512 (c) for "Information Residing on Systems or Networks at Direction of Users" because they "… receive a financial benefit directly attributable to the infringing activity…" in violation of the Copyright Act § 512 (c)(1)(B).

Mindgeek is not entitled to limit their liability pursuant to the Copyright Act § 512 (a) for "Transitory Digital Network Communications" because a "… copy of the material made by the service provider… is maintained on the system or network… for a longer period than is reasonably necessary… " in violation of the Copyright Act § 512 (a)(4).

As a direct and proximate result of the infringements alleged herein, I am entitled to "any profits of the infringer that are attributable to the infringement…" pursuant to the Copyright Act § 504.

As a direct and proximate result of the infringements alleged herein, I am entitled to be granted "… temporary and final injunctions on such terms as [the Court] may deem reasonable to prevent or restrain infringement of a copyright." pursuant to the Copyright Act § 502.

As a direct and proximate result of the infringements alleged herein, I am entitled to an order impounding "… all copies… claimed to have been made or used in violation of the exclusive right of the copyright owner…" pursuant to the Copyright Act § 503 (a)(1)(A).

As a direct and proximate result of the infringements alleged herein, I am entitled to an order impounding "… all records documenting the manufacture, sale, or receipt of things involved in any such violation…" pursuant to the Copyright Act § 503 (a)(1)(C).

I am additionally entitled to my full costs, pursuant to the Copyright Act § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that the Court enter judgment in my favor and award relief, including an Order:

Declaring that Defendant fails to carry the burden of a "DMCA safe harbor" defense under the provisions of the Copyright Act §§ 512 (a) and (c), and is therefore liable for vicarious copyright infringement in violation of the Copyright Act.

Granting a permanent injunction to prevent or restrain Defendant from continuing to infringe my copyrights pursuant to the Copyright Act § 502.

Impounding all copies of my registered works pursuant to the Copyright Act § 503 (a)(1)(A).

Impounding all records involved in the infringement pursuant to the Copyright Act § 503 (a)(1)(C).

Awarding monetary relief, pursuant to the Copyright Act § 504, of Defendant's gross revenue attributable to the infringements, in an amount not yet determined.

Awarding the costs I have incurred in this action pursuant to the Copyright Act § 505 and other applicable laws.

Awarding such other relief as this Court may deem just.

DATED: September 25, 2017                    Respectfully submitted,

JOHN KOHLER MARSH

By:_____

John Kohler Marsh
*(in propria persona)*
john.kohler.marsh@gmail.com
111 W. 6th Street, #2201
Tempe, AZ  85281
Telephone: (626) 449-9999