1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

John Kohler Marsh,                            )     No.  CV-17-02724-PHX-SPL
                                              )
                    Plaintiff,                )     **ORDER**
                                              )
vs.                                           )
                                              )
MindGeek SARL, et al.,                        )
                                              )
                    Defendant.                )
                                              )
_____ )

        Plaintiff John Kohler Marsh initiated this action around August 2017 against Defendants MindGeek SARL and Feras Antoon (the "Defendants"), among other defendants, alleging copyright infringement and requesting equitable relief. (Doc. 43) The Defendants have moved to dismiss the Plaintiff's claims against them (the "Motion to Dismiss") for insufficient process and insufficient service of process, and alternatively, have moved to dismiss Defendant Antoon for lack of personal jurisdiction. (Doc. 33) The Court's ruling is as follows.

**I.    Background**

        The Plaintiff was granted leave to file a Second Amended Complaint on September 13, 2017 (Doc. 22), but the Plaintiff moved for leave to file its Third Amended Complaint (Doc. 24) and its Fourth Amended Complaint (Doc. 43) prior to completing service on any of its earlier complaints.  Plaintiff attempted to serve the Fourth Amended Complaint (the "Complaint") on the Defendants prior to the Court

granting his motion for leave to file the Complaint by delivering printed copies to Defendant MindGeek SARL's offices in Burbank, California and, presumably, to Montreal. (Doc. 31; Doc. 32; Doc. 36 at 3; Doc. 33 at 3)

## II.    Analysis

The Defendants move to dismiss Plaintiff's claims because the Complaint was not properly served on the Defendants and the Defendants were not provided with a Court-issued summons, and in the alternative, because the Court does not have personal jurisdiction over Defendant Antoon. The Court addresses each issue in turn.

### A.  Failure to Serve

If a plaintiff fails to serve a defendant within 90 days, the district court must dismiss the matter without prejudice or order that service be completed within a specified time. Fed. R. Civ. P. 4(m).  However, courts generally provide some leeway to pro se litigants to comply with Rule 4 of the Federal Rules of Civil Procedure. *Amor v. Arizona*, No. CV-06-499-TUC-CKJ, 2010 WL 960379, at *11 (D. Ariz. Mar. 15, 2010) (Stating that there is a need to treat pro se litigants with leniency); *Shupe v. Gen. Servs. Admin.*, No. CV-16-00335-TUC-RM, 2017 WL 6209142, at *3 (D. Ariz. Apr. 25, 2017) (Stating that status as a pro se litigant may constitute a good excuse for a party's failure to comply with Rule 4); *Sherrill v. Holder*, No. CV-12-00489-TUC-CKJ, 2013 WL 11316918, at *1 (D. Ariz. Mar. 29, 2013) (Granting a pro se litigant additional time to comply with Rule 4(i) when the pro se litigant was unaware of the rule).  At this time, the Court will deny the Defendants' Motion to Dismiss for insufficient service of process and insufficient process without prejudice. Instead, the Court will issue an order to show cause requiring the Plaintiff to comply with serving the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure within 21 days of such order.

### B. Lack of Personal Jurisdiction

A federal court must have both subject matter and personal jurisdiction to hear a claim. *Priestley v. Two Houses in Buckeye, Maricopa Cty.*, AZ, No. CV16-4126 PHX DGC, 2017 WL 1318007, at *2 (D. Ariz. Apr. 10, 2017).  Plaintiff bears the burden of

demonstrating that jurisdiction is appropriate. *Id*.  When a plaintiff fails to allege facts sufficient to establish both subject matter and personal jurisdiction, his claims must be dismissed. *Id*. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).  Arizona has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution. See Ariz. R. Civ. P. 4.2(a); *Priestley*, 2017 WL 1318007, at *3.  Thus, courts in the District of Arizona may exercise jurisdiction over a defendant who is not physically present in Arizona if the defendant has minimum contacts with the state, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Here, the Plaintiff has failed to allege sufficient facts to show that Defendant Antoon is connected to Arizona.  The Complaint states that Defendant Antoon is a shareholder and executive of Defendant MindGeek SARL. (Doc. 43 at 3) However, Defendant Antoon is not an officer, executive or employee of MindGeek SARL, and he has never transacted business or maintained any personal connection to the state of Arizona. (Doc. 33-1 at 6–7).  Therefore, the Court finds that Defendant Antoon does not have sufficient minimum contacts with Arizona.  The Motion to Dismiss for lack of personal jurisdiction will be granted.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 33) is denied in part as to dismissing the action under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5); and

///

///

///

///

///

///

3

1    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 33) is

2    granted in part as to dismissing Defendant Feras Antoon from the action pursuant to

3    Federal Rule of Civil Procedure 12(b)(2).

4    Dated this 23rd day of July, 2018.

Honorable Steven P. Logan
United States District Judge