IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Kohler Marsh,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MindGeek SARL, et al.,<br><br>　　　　　Defendant. | No. CV-17-02724-PHX-SPL<br><br>**ORDER** |

Plaintiff John Kohler Marsh initiated this action against Defendants MG Billing US and MindGeek USA Incorporated (the "Defendants"), among other defendants, alleging copyright infringement and requesting equitable relief. (Doc. 43) The Defendants have moved to dismiss the Plaintiff's claims against them (the "Motion"), arguing that the Plaintiff does not have standing to bring claims for copyright infringement. (Doc. 50) The Court's ruling is as follows.

**I.　Background[1]**

Over the last fifteen years, the Plaintiff created and produced several motion picture and visual art works (the "Videos"). (Doc. 43 at 4) The Plaintiff alleges that the Videos were "works for hire." (Doc. 43 at 4) The Plaintiff filed applications for copyright protection for the Videos, listing Pavlov's Dog, LLC as the author for each of the Videos.

---

[1] Per the Defendants' request, the Court has taken judicial notice of the certificates of registration from the U.S. Copyright Office filed at docket number 57 and the Copyright Office public catalog entries filed at docket number 50-1.

The Plaintiff alleges that he is the sole member of Pavlov's Dog, LLC. (Doc. 55 at 2) The Plaintiff also argues that he employed other artists to edit the final versions of the Videos that were ultimately registered with the U.S. Copyright Office. (Doc. 55 at 3)  While Pavlov's Dog, LLC is the registered author of the works, Pavlov's Dog, LLC transferred its copyright interests in the Videos to Icon New Media, Inc., which holds the rights and permissions for the videos. (Doc. 43 at 4)  According to the Plaintiff, Icon New Media, Inc. then licensed back the rights to the Videos to Pavlov's Dog, LLC by written agreement. (Doc. 43 at 4)  Pavlov's Dog, LLC ceased operations on December 31, 2016. (Doc. 43 at 4)

Beginning on August 14, 2014, the Plaintiff noticed that the Defendants were displaying identical copies of the Videos on websites under their control without proper permission. (Doc. 43 at 4)  The Plaintiff initiated this action against the Defendants alleging causes of action for copyright infringement. (Doc. 1)  The Defendants now move to dismiss the Plaintiff's claims against them due to the Plaintiff's lack of standing to bring infringement claims. (Doc. 50)

**II.     Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) may facially attack the existence of subject matter jurisdiction or may challenge the truth of the alleged facts that would confer subject matter jurisdiction on the court. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).  Courts are permitted to consider evidence to decide a factual attack on subject matter jurisdiction. *Thornhill*, 594 F.2d at 733.  The party asserting jurisdiction has the burden of proof to show that the Court has subject matter jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Where a claimant lacks standing, the Court must dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Ervine v. Desert View Reg. Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014).

### III. Analysis

The Defendants argue that the Plaintiff lacks standing to bring claims for copyright infringement because the Plaintiff is not the owner of the copyrights at issue. (Doc. 50 at 3) Specifically, the Defendants argue, and the Plaintiff admits, that the Videos are registered as "work(s) for hire," and the copyrights are not owned by the Plaintiff in his individual capacity. (Doc. 50 at 4; Doc. 55 at 3) In response, the Plaintiff argues that, through his ownership of certain business entities, he is the sole member of Pavlov's Dog, LLC and Icon New Media, Inc., and he thereby holds all of the copyright interests in the Videos. (Doc. 55 at 2, 3) Separately, the Plaintiff argues that he is the beneficial owner of the copyright interests. (Doc. 55 at 3)

#### A. Work for Hire

It is well settled that copyright in a work vests initially in the author of the work, and, in the case of a work made for hire, the person for whom the work was prepared is considered the author. 17 U.S.C. § 201. The owner of a work for hire owns all of the rights comprised in the copyright for that work, unless the parties have expressly agreed otherwise in a written instrument signed by them. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1144 (9th Cir. 2003).

First, the Court notes that the Videos are not works for hire in the traditional sense. 17 U.S.C. § 101 (defining a work made for hire as "(1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use . . . as a part of a motion picture or other audiovisual work, . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."). In this case, the Plaintiff states that he created the Videos; therefore, the original copyrights vested in him as creator. (Doc. 55 at 3) It is the Court's understanding, based on the Plaintiff's response (Doc. 55), that the Plaintiff registered the Videos with the U.S. Copyright Office as "works for hire" because other artists were involved in cultivating the final versions of the Videos that were ultimately registered with the U.S. Copyright Office. (Doc. 55 at 3) On this point, the Plaintiff states that "all contributing artists," presumably

including the Plaintiff, "signed agreements waiving any rights to the intellectual property." (Doc. 55 at 3)

Pavlov's Dog, LLC is listed as author on each of the copyright registration certificates for the Videos, and the Court also accepts the "work for hire" indication on the copyright certificates for the Videos as prima facie evidence that the Plaintiff transferred his copyright interests in the Videos to Pavlov's Dog, LLC. (Docs. 50-1, 57); 17 U.S.C. § 410 (stating "the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). The Plaintiff also admits that he transferred his copyright interests to Pavlov's Dog, LLC "in order to limit [his] liability as a sole-proprietor," and that he "created and produced pseudonymous motion picture and visual works . . . doing business as the sole member of Pavlov' Dog, LLC."[2] (Doc. 55 at 2, 3)  On this basis, the Court finds that there is sufficient evidence demonstrate that Pavlov's Dog, LLC held registered copyright interests in the Videos as the author of the works for hire.

### B.  Ownership of Copyrights

The copyright registration certificates for each of the Videos lists either Pavlov's Dog, LLC or Icon New Media, Inc. as the "copyright claimant" by way of written agreement. (Docs. 50-1, 57)  Therefore, the Court finds that either Pavlov's Dog, LLC or Icon New Media, Inc., as appropriate, owns the copyrights for the Videos. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011) (stating that a copyright claimant is presumed to own a valid copyright).  Every registration certificate also lists Icon New Media, Inc. as the entity with the "rights and permissions" to each of the Videos. (Docs. 50-1, 57)

It is clear to the Court that the Plaintiff is conflating his personal ownership of Icon New Media, Inc. with personal ownership of the copyrights for the Videos.  However, it is

---

[2] The Court disregards the Plaintiff's statement that he has not entered into any agreement transferring his legal rights associated with the copyrights to anyone else, because his own pleadings contradict this claim in stating that he transferred his rights to Pavlov's Dog, LLC. (Doc. 55 at 3)

4

well settled that only the party that has a valid copyright interest in a work can bring a claim for infringement. 17 U.S.C. § 501(b) (stating that "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."). The copyright registration certificates list Pavlov's Dog,, LLC as the author of the Videos, and the Plaintiff does not dispute this fact. (Doc. 57; Doc. 55 at 3) The certificates also list either Pavlov's Dog, LLC or Icon New Media, Inc. as the current copyright claimant. (Doc. 57) This means that only Pavlov's Dog, LLC or Icon New Media, Inc., as the copyright claimants of the interests at issue, are the parties who have standing to bring claims for infringement of their copyright interests, as appropriate. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015). The Plaintiff's individual ownership of Icon New Media, Inc. or any of the companies that comprise Pavlov's Dog, LLC does not allow him to sue for copyright infringement in his individual capacity. (Doc. 55 at 3)

The Plaintiff is not the beneficial owner of the copyrights for the Videos. Section 501(b) of the Copyright Act of 1976 allows a beneficial owner of a copyright to bring an infringement action. 17 U.S.C. § 501. Beneficial ownership arises by virtue of section 501(b) for the purpose of enabling an author or composer to protect his economic interest in a copyright that has been transferred. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 988 (9th Cir. 2017) (*citing Broad. Music, Inc. v. Hirsch*, 104 F.3d 1163, 1166 (9th Cir. 1997)). In order to be the beneficial owner of a copyright, a party generally parts "with legal title to the copyright in exchange for percentage royalties based on sales or license fees." *DRK Photo*, 870 F. 3d at 988; *Warren*, 328 F.3d at 1144 (stating that an example of a beneficial owner includes "an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees."). The Plaintiff's claim that his role as the sole shareholder of Icon New Media, Inc. makes him the beneficial owner of the copyrights for the Videos is incorrect. (Doc. 55 at 3) The Plaintiff states that the copyrights for the Videos were listed as works for hire in "order to

limit [his] liability as a sole-proprietor." (Doc. 55 at 3)  The Plaintiff does not mention royalties or the protection of an economic interest as a basis for transferring his rights in the Videos to Pavlov's Dog, LLC.  Therefore, the Court must grant the Defendants' Motion and dismiss this case due to the Plaintiff's lack of standing to bring claims for copyright infringement in his individual capacity.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 50) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this case and enter judgment accordingly.

Dated this 16th day of April, 2019.

Honorable Steven P. Logan
United States District Judge